JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ESIS, INC.
436 Walnut Street
Philadelphia, PA 19106

## DEFENDANTS
CONCENTRA INTEGRATED SERVICES, INC.
5080 Spectrum Drive, Suite 400W
Addison, TX 75001

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah H Carlson, Esq., BAZELON LESS & FELDMAN, P.C.
One South Broad Street, Suite 1500
Philadelphia, PA 19106  (215) 568-1155

Attorneys *(If Known)*
Lisa Carney Eldridge, Esq., CLARK HILL THORP REED
2005 Market Street, Suite 1000
Philadelphia, PA 19103  (215) 640-8500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Alleged breach of contract and breach of indemnity agreement between a third-party insurance claims administrator and a managed-care company it contracted with

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of 400,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
05/30/2013

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __436 Walnut Street, Philadelphia, PA  19106__

Address of Defendant: __5080 Spectrum Drive, Suite 400W, Addison, TX  75001__

Place of Accident, Incident or Transaction: __Commonwealth of Virginia__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes[X]   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No[X]
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No[X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No[X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No[X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No[X]

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. [X] Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Lisa Carney Eldridge__, counsel of record hereby certify:

☐[X] Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐[X] Relief other than monetary damages is sought.

DATE: __05/30/2013__      _____   __62794__
                          Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/30/2013__      _____   __62794__
                          Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ESIS, INC.                        :
                                  :
        v.                        :          Civil Action
                                  :          No: _____
CONCENTRA INTEGRATED              :
SERVICES, INC.                    :

DISCLOSURE STATEMENT FORM

Please check one box:

☐       The nongovernmental corporate party, _____
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.

☒       The nongovernmental corporate party, _Concentra Integrated Services, Inc.
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

        National Healthcare Resources, Inc. (100%)
        _____
        _____
        _____

05/30/2013                        _____
Date                                        Signature

        Counsel for:   _Concentra Integrated Services, Inc._

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a)     WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)     identifies any parent corporation and any publicly held corporation
                owning 10% or more of its stock;  or

        (2)     states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
        (1)     file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and
        (2)     promptly file a supplemental statement if any required information
                changes.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ESIS, INC.                        :
                                  :
              V.                  :           Civil Action
                                  :           No: _____
CONCENTRA INTEGRATED              :
SERVICES, INC.                    :

DISCLOSURE STATEMENT FORM

Please check one box:

❑       The nongovernmental corporate party, _____
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.

☒       The nongovernmental corporate party,  Concentra Integrated Services, Inc.
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

        National Healthcare Resources, Inc. (100%)
        _____
        _____
        _____


05/30/2013                        _____
    Date                                        Signature

                        Counsel for:   Concentra Integrated Services, Inc.


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

   (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
               owning10% or more of its stock;  or

         (2)   states that there is no such corporation.

   (b)   TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
               petition, motion, response, or other request addressed to the court;
               and
         (2)   promptly file a supplemental statement if any required information
               changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ESIS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CONCENTRA INTEGRATED SERVICES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| | | |
|---|---|---|
| 05/30/2013 | Lisa Carney Eldridge | Defendant |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-640-8500 | 215-640-8501 | leldridge@clarkhillthorpreed.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESIS, INC.                                    :
436 Walnut Street                             :
Philadelphia, PA  19106,                      :
                                              :
                              Plaintiff       :      CIVIL ACTION NO.
                                              :
                v.                            :
                                              :
CONCENTRA INTEGRATED SERVICES, INC. :
5080 Spectrm Drive, Suite 410                 :
Addison, TX  75001,                           :
                                              :
                              Defendant       :

## NOTICE OF REMOVAL

NOW COMES the Defendant Concentra Integrated Services, Inc. ("Concentra"), by and through its counsel and states as follows:

1.      This action was commenced by filing a Complaint on April 2, 2013, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 130400420.  A true and correct copy of the docket in that action is attached hereto as Exhibit 1.

2.      A true and accurate copy of all process, pleadings and orders served upon Concentra in the subject lawsuit are attached hereto as Exhibit 2 and consist of the Complaint, which was the initial pleading, and a Praecipe to Amend the Party Names, which was served upon Concentra on May 15, 2013.  *See* Exhibit 1.  Therefore, this Notice of Removal is timely.

{P0177301}

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) because this lawsuit is a civil action between citizens of different states, and Plaintiff alleges in the Complaint that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).

4.      As alleged in the Complaint, Plaintiff is a Pennsylvania corporation, with a principal place of business in Pennsylvania, and is thus a citizen of Pennsylvania.   Exhibit 2, Complaint at ¶ 1.

5.      As alleged in the Complaint, Defendant Concentra is a Massachusetts corporation, with its principal place of business in Texas, and is, therefore, a citizen of Massachusetts and Texas.   Exhibit 2, Complaint at ¶2.

6.      There is complete diversity between the Plaintiff and Defendant.

7.      Plaintiff claims damages in excess of seventy-five thousand dollars ($75,000.00). Exhibit 2, Complaint at ¶ 16 ("As of this filing, the aggregate Provider Claims received by ESIS allege in excess of $1.6 million in underpayments, of which at least approximately $400,000 of which is believed to be attributable to Concentra.   The total amount of the Provider Claims is expected to increase substantially in the coming months.")

8.      Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. §1446(d).   Pursuant to Fed. R. Civ. P. 5(d), Concentra concurrently files with this Court a Certificate of Service of this Notice of Removal to the adverse party.

9.     Concurrently with the filing of this Notice of Removal, Concentra is filing a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1446(d).

10.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. §1446(a).

11.     Plaintiff has commenced the subject lawsuit in a state court and the subject lawsuit is pending at a place within the district and division of this Honorable Court.

12.     Concentra submits this Notice of Removal subject to and without waiving any defenses and rights available to it.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: May 30, 2013

Joseph Friedman (Pa. ID No. 15084)
Lisa Carney Eldridge (Pa. ID No. 62794)
Elizabeth F. Collura (Pa. ID No. 206197)
CLARK HILL THORP REED
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
(215) 640-8500

Attorneys for Concentra Integrated Services, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE

OF REMOVAL has been served upon counsel of record this 30th day of May, 2013, via

electronic mail and U.S. Mail, postage prepaid, as follows:


Jeffrey A. Less
Noah H. Charlson
Bazelon Less & Feldman, PC
One South Broad Street- Suite 1500
Philadelphia, PA 19107
*Attorneys for Plaintiff*


Lisa Carney Eldridge

{P0177301}

Exhibit "1"



 No Items in Cart  **LOGOUT**  leldridge

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 130400420 |
| **Case Caption:** | ESIS, INC. VS CONCENTRA INTEGRATED HEALTH SERVICES |
| **Filing Date:** | Tuesday , April 02nd, 2013 |
| **Court:** | COMMERCE - EXPEDITED, JURY |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CONTRACTS OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | CHARLSON, NOAH H |
| **Address:** BAZELON LESS & FELDMAN PC ONE SOUTH BROAD STREET SUITE 1500 PHILADELPHIA PA 19103 (215)568-1155 | | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | ESIS, INC. |
| **Address:** 436 WALNUT | | **Aliases:** | *none* | |

Civil Docket Report

| | | | | |
|---|---|---|---|---|
| | STREET PHILADELPHIA PA 19106 | | | |
| | | | | |
| 3 | | 07-MAY-2013 | DEFENDANT | CONCENTRA INTEGRATED HEALTH SERVICES, INC. |
| **Address:** | 5080 SPECTRUM DRIVE SUITE 400W ADDISON TX 75001 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | TEAM LEADER | MCINERNEY, PATRICIA A |
| **Address:** | ROOM 364 CITY HALL PHILADELPHIA PA 19107 (215)686-2620 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | DEFENDANT | CONCENTRAL INTEGRATED SERVICES INC |
| **Address:** | 2595 INTERSTATE DRIVE SUITE 103 WINDSOR FARMS PA 17110 | **Aliases:** | *none* | |

### Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 02-APR-2013 04:16 PM | ACTIVE CASE | | | 02-APR-2013 04:33 PM |
| **Docket Entry:** | E-Filing Number: 1304004881 | | | |
| | | | | |
| 02-APR-2013 | COMMENCEMENT | CHARLSON, | | 02-APR-2013 |

| 04:16 PM | CIVIL ACTION JURY | NOAH H | | 04:33 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |

| 02-APR-2013<br>04:16 PM | COMPLAINT FILED<br>NOTICE GIVEN | CHARLSON,<br>NOAH H | | 02-APR-2013<br>04:33 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Concentra Complaint - .pdf<br>Commerce Addendum | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 02-APR-2013<br>04:16 PM | SHERIFF'S<br>SURCHARGE 1 DEFT | CHARLSON,<br>NOAH H | | 02-APR-2013<br>04:33 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-APR-2013<br>04:16 PM | JURY TRIAL<br>PERFECTED | CHARLSON,<br>NOAH H | | 02-APR-2013<br>04:33 PM |
|---|---|---|---|---|
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |

| 02-APR-2013<br>04:16 PM | WAITING TO LIST<br>CASE MGMT CONF | CHARLSON,<br>NOAH H | | 02-APR-2013<br>04:33 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 24-APR-2013<br>11:47 AM | PRAECIPE TO<br>REINSTATE CMPLT | CHARLSON,<br>NOAH H | | 24-APR-2013<br>11:49 AM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>PRAECIPE TO REINSTATE.pdf<br>COMPLAINT.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS | | | |

| Entry: | AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF ESIS, INC.) | | | |
|---|---|---|---|---|
| 07-MAY-2013 09:57 AM | AFFIDAVIT OF SERVICE FILED | | | 07-MAY-2013 10:03 AM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents doc03873220130506133813.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CONCENTRA INTEGRATED HEALTH SERVICES, INC. BY PERSONAL SERVICE ON 05/01/2013 FILED. | | | |
| 07-MAY-2013 12:07 PM | PRAECIPE-AMEND PARTY NAME | CHARLSON, NOAH H | | 07-MAY-2013 12:27 PM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents praeipe to amend spelling of caption.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | PRAECIPE TO AMEND PARTY'S NAME. (FILED ON BEHALF OF ESIS, INC.) | | | |
| 20-MAY-2013 09:09 AM | AFFIDAVIT OF SERVICE FILED | | | 20-MAY-2013 09:32 AM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents doc03978620130520080623.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CONCENTRA INTEGRATED HEALTH SERVICES, INC. BY PERSONAL SERVICE ON 05/15/2013 FILED. | | | |

Exhibit "2"

Jeffrey A. Less, Esquire, I.D. # 03576
jless@bazless.com
Noah H. Charlson, Esquire, I.D. # 89210
ncharlson@bazless.com
BAZELON LESS & FELDMAN, P.C.
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 568-1155



NOT AN ARBITRATION
JURY TRIAL DEMANDED

_Filed and Attested by
PROTHONOTARY
04:16 pm
S. GARRETT_

| | | |
|---|---|---|
| ESIS, INC., | : | COURT OF COMMON PLEAS |
| 436 Walnut Street | : | |
| Philadelphia, PA 19106, | : | PHILADELPHIA COUNTY, PA |
| Plaintiff, | : | |
| | : | APRIL TERM, 2013 |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| CONCENTRA INTEGRATED HEALTH | : | |
| SERVICES, INC., | : | |
| 5080 Spectrum Drive, Suite 400W | : | |
| Addison, TX 75001, | : | |
| Defendant. | : | |

## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

### AVISO

La han demandado•ustsd en la corte. Si usted quiere defenderse de estas demandas expuestas en las pagines siguientes, usted tiene veinte (20) dias dc plazo al plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO 0 SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA 0 LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Jeffrey A. Less, Esquire, I.D. # 03576
jless@bazless.com
Noah H. Charlson, Esquire, I.D. # 89210
ncharlson@bazless.com
BAZELON LESS & FELDMAN, P.C.                           NOT AN ARBITRATION CASE
One South Broad Street, Suite 1500                    JURY TRIAL DEMANDED
Philadelphia, PA 19107
(215) 568-1155

|  |  |  |
|---|---|---|
| ESIS, INC., | : | COURT OF COMMON PLEAS |
| 436 Walnut Street | : |  |
| Philadelphia, PA 19106, | : | PHILADELPHIA COUNTY, PA |
|  Plaintiff, | : |  |
|  | : | APRIL TERM, 2013 |
|  v. | : | CIVIL ACTION NO. _____ |
|  | : |  |
| CONCENTRA INTEGRATED HEALTH | : |  |
| SERVICES, INC., | : |  |
| 5080 Spectrum Drive, Suite 400W | : |  |
| Addison, TX 75001, | : |  |
|  | : |  |
|  Defendant. | : |  |
|  | : |  |

## COMPLAINT

Plaintiff ESIS, Inc. ("ESIS"), by and through its undersigned attorneys, as and for a complaint against defendant Concentra Integrated Health Services, Inc. ("Concentra"), alleges as follows:

### PARTIES

1.     Plaintiff ESIS is a corporation that is organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania.

2.     Upon information and belief, defendant Concentra is a Massachusetts corporation, headquartered in Addison, Texas.

1

## VENUE

3.      Venue is proper in this County because Plaintiff is a resident of Philadelphia.

## BACKGROUND

4.      ESIS is a national third-party insurance claims administrator in the business of providing claims adjustment services in various industries.

5.      Among ESIS's clients are various employers and insurance companies, who contract with ESIS to provide, *inter alia,* claims adjustment services for workers compensation claims filed by their employees/insureds.

6.      As part of its claims adjustment services, ESIS in turn contracts with national managed care companies ("MCCs") to provide a variety of managed care services relative to workers compensation claims including bill review services.

7.      MCCs also typically enter into Preferred Provider Organization ("PPO") Agreements with medical providers (e.g., doctors, therapists, hospitals, dialysis centers, medical laboratories, etc.), sometimes doing so through separate intermediary companies, by which the providers agree to accept discounted rates for  services provided to their patients subject to  the PPO contract .

8.      MCCs also perform certain "cost containment services," by which the MCC will review invoices submitted by various health care providers for services provided to injured claimants in order to determine whether among other things such invoices are consistent with the usual and customary charges (also known as Prevailing Community Rates) for those services, whether they are properly discounted pursuant to any applicable PPO contract, and for any other applicable discount.

Case ID: 130400420

## THE CONCENTRA AGREEMENT

9.      By contract dated September 1, 2002, ESIS entered into a written contract with an MCC, defendant Concentra Integrated Health Services, Inc. ("Concentra"), whereby Concentra agreed to perform a variety of services for and on behalf of ESIS, including performing "Provider Bill Review" services.  A copy of the written contract (the "Agreement") is attached hereto as Exhibit "A".

10.      The Provider Bill Review services set forth in the Agreement required Concentra to, among other things, review medical bills to capture reductions in fees for usual and customary and/or fee schedule adjustments, as well as application of preferred provider organization and pharmacy program discounts.  See Exh. A, Agreement, Schedule A at p.14. Concentra was compensated on a specified per-line reviewed fee schedule for Provider Bill Review services.

11.      Concentra further agreed to provide discounts to ESIS customers through Concentra's relationships and/or contracts with PPO's.  In addition to its compensation for Provider Bill Review services, Concentra was to be compensated by receiving 22% of the savings it achieved through PPO discounts. *Id.*, p. 15.

## THE PROVIDER CLAIMS

12.      Numerous medical providers located in the Commonwealth of Virginia have submitted claims to ESIS, and/or have filed claims with the Virginia Workers Compensation Board against ESIS's clients and insurers, claiming that, *inter alia,* (1) the providers were improperly underpaid in violation of applicable PPO Agreements; (2) their invoices were discounted in absence of valid contract and/or in violation of law; and/or (3) that ESIS miscalculated the usual and customary charges applicable to the services which they provided (the "Provider Claims").

3

13.     The Provider Claims can be grouped into several categories among which are: (1) claims challenging the accuracy of the PCR (prevailing community rates) paid by ESIS; (2) claims challenging the accuracy of the PPO discounts applied by ESIS based on Concentra's calculations; (3) claims alleging that PPO discounts were improperly applied without a valid PPO agreement between the provider and Concentra; (4) claims alleging that PPO discounts were improperly taken by including medical providers in the PPO network without providing legal notice; and (5) misapplication and/or miscalculation of prevailing community rates.

14.     For example, ESIS has learned, after the fact, that in some cases Concentra allowed its PPO contracts with providers to lapse by failing to effectuate properly a valid renewal despite their right to do so, and then nevertheless continued to reduce the providers' bills as if the PPO contract and its resulting discounts remained in effect.

15.     As a result of Concentra's failure to renew and/or properly maintain PPO Contracts, among other things, ESIS and its clients were deprived of the PPO discounts that were previously available, and which Concentra bound by contract to provide, pursuant to the Agreement with ESIS; and ESIS has been and will in the future be required to pay additional amounts to the providers in order to resolve the Provider Claims.

16.     As of this filing, the aggregate Provider Claims received by ESIS allege in excess of $1.6 million in underpayments, of which at least approximately $400,000 of which is believed to be attributable to Concentra. The total amount of the Provider Claims is expected to increase substantially in the coming months.

17.     ESIS has also incurred substantial legal fees and other expenses in responding to the Provider Claims, exceeding $200,000 as of the date of this filing. Those fees and expenses will likewise increase.

4

Case ID: 130400420

## THE INDEMNIFICATION AGREEMENT

18.     Section 8.1 of the Agreement (hereafter the "Indemnification Clause") requires

Concentra to defend and indemnify ESIS, as follows:

> **8.1 Indemnification by Concentra** Concentra hereby covenants
> and agrees to indemnify, defend, and hold harmless the [sic] ESIS,
> and the [sic] ESIS's officers, directors, employees, and affiliates,
> from and against any and all liability, loss, cost, or expense
> (including, without limitation, reasonable attorneys' fees) arising
> out of Concentra's breach of this Agreement, or the negligence or
> willful misconduct of Concentra in the performance of its duties
> and obligations pursuant to this Agreement.

Exh. A, Agreement, ¶. 8.1.

19.     The Agreement further provides that

> In the event of any litigation between the parties relating to this
> Agreement, the prevailing party *shall be entitled* to recover from
> the other party all reasonable attorneys' fees and other reasonable
> costs incurred in connection therewith and in pursuing and
> collecting remedies, relief and damages.

*Id.*, ¶. 9.7 (emphasis added).

20.     On multiple occasions, ESIS has demanded that Concentra indemnify, defend and

hold ESIS harmless from and against the Provider Claims.   Concentra has rejected ESIS's

demands on each occasion.

## COUNT I

## BREACH OF CONTRACT

21.     ESIS repeats and realleges each of the foregoing paragraphs as if fully set forth

herein.

22.     The Agreement required Concentra accurately to review provider bills on ESIS'

behalf, and to properly calculate all applicable discounts for the provider services provided.

5

23.     The Agreement further required Concentra to make its PPO networks available to ESIS' clients, and to calculate the resulting discounts for ESIS for the benefit of its clients.

24.     Concentra failed to perform those services as agreed, and is in breach of the Agreement.

25.     As a result of Concentra's breach of contract, ESIS has suffered, and continues, to suffer damages in an amount to be proven at trial, with the damages continuing to increase as new Provider Claims are submitted and filed.

WHEREFORE, plaintiff ESIS, Inc. respectfully requests that judgment be entered in its favor and against defendant Concentra Integrated Health Services, Inc. in an amount to be proved at trial, plus awarding ESIS its reasonable attorneys' fees and costs incurred in this action and those arising out of or related to the defense of the Provider Claims, and for such other and further relief as the Court deems just and proper.

Case ID: 130400420

## COUNT II

### BREACH OF CONTRACTUAL INDEMNIFICATION

26.     ESIS repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

27.     The Agreement requires Concentra to indemnify, defend, and hold ESIS harmless from and against "any and all liability, loss, cost, or expense (including, without limitation, reasonable attorneys' fees)" arising out of Concentra's breach of the Agreement.

28.     Concentra has breached the Agreement, as set forth above, and is required to indemnify ESIS pursuant to the Indemnification Clause.

29.     ESIS satisfied all of the conditions precedent for seeking indemnification from Concentra pursuant to the Indemnification Clause, including sending numerous written demands for indemnification to Concentra.

30.     Concentra has refused to honor its obligations under the Indemnification Clause of the Agreement.

31.     ESIS has suffered, and continues to suffer, harm thereby.

WHEREFORE, plaintiff ESIS, Inc. respectfully requests that judgment be entered in its favor and against defendant Concentra Integrated Health Services, Inc. in an amount to be proved at trial, plus awarding ESIS its reasonable attorneys' fees incurred in this action and those arising out of or related to the defense of Provider Claims, and for such other and further relief as the Court deems just and proper.

Case ID: 130400420

## COUNT III

## DECLARATORY JUDGMENT

32.     ESIS repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

33.     The total number of Provider Claims is unknown at this time, and is likely to grow.

34.     It is unlikely that the Provider Claims will all be resolved by the time of trial in this matter.

35.     Even after trial in this matter, ESIS will continue to face liability from the existing and future Provider Claims.

WHEREFORE, plaintiff ESIS, Inc. respectfully requests that the Court enter judgment declaring that defendant Concentra Integrated Health Services , Inc. owes ESIS a duty to defend, indemnify, and hold ESIS harmless from and against all claims, costs, expenses, and liabilities, including its reasonable attorneys, fees, arising out of, or relating to, the Provider Claims; and awarding ESIS, Inc. its reasonable attorneys' fees incurred in this action.

8

Dated:  April 2, 2013

BAZELON, LESS & FELDMAN, PC


By: __/s *Noah H. Charlson*_____
Jeffrey A. Less
Noah H. Charlson
One South Broad Street, Suite 1500
Philadelphia, PA 19107
215.568.1155
ncharlson@bazless.com
*Attorneys for Plaintiff ESIS, Inc.*

9

## VERIFICATION

I, _Frank Murray_, certify that I am authorized to verify the foregoing Complaint. I verify that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: April 2, 2013

Case ID: 130400420

# EXHIBIT A

Case ID: 130400420

## SERVICES AGREEMENT

This Services Agreement ("Agreement") is made and entered into effective the 1st day of SEPT., 2002 (the "Effective Date"), by and between Concentra Integrated Services, Inc. ("Concentra") and ESIS, Inc. ("ESIS").

### WITNESSETH:

WHEREAS, Concentra offers its health care payor and other customers a variety of health care management and cost containment services;

WHEREAS, ESIS is a health care payor, and also administers claims on behalf of its health care customers, that require certain health care management and cost containment services; and

WHEREAS, ESIS also performs certain claims support and claims processing services necessary for Concentra to perform the health care management and cost containment services described herein;

WHEREAS, ESIS desires to engage Concentra on behalf of ESIS's health care customers to perform certain health care management and/or cost containment services upon ESIS's request, and Concentra desires to provide such services, pursuant to and in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing premises, and the mutual covenants and conditions contained herein, the parties agree as follows:

1.   **SERVICES.**

   1.1   **Description of Concentra Services.**  ESIS, by and through its health care customers hereby engages Concentra, by itself and through its affiliated organizations, to perform the specific health care management and/or cost containment services (collectively, the "Concentra Services") described on Exhibit A.

   1.2   **Concentra Reports.**  Concentra hereby agrees to provide ESIS with monthly and/or quarterly reports, in a format that is mutually agreed to by Concentra and ESIS, that summarize and describe the Concentra Services that were provided to ESIS by Concentra for the previous period. Should additional reports be requested by ESIS, Concentra will make commercially reasonable efforts to provide the reports requested by ESIS in a format that is mutually agreeable to Concentra and ESIS.

   1.3   **Description of ESIS Services.**  Concentra hereby engages ESIS, by itself and through its affiliated organizations, to perform the specific claims support and claims processing services (collectively, the "ESIS Services") described on Exhibit B.

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 1 -

Case ID: 130400420

1.4 **ESIS Reports.** ESIS hereby agrees to provide Concentra with monthly and/or quarterly reports, in a format that is mutually agreed to by Concentra and ESIS, that summarize and describe the ESIS Services that were provided to Concentra by ESIS for the previous period. Should additional reports be requested by Concentra, ESIS will make commercially reasonable efforts to provide the reports requested by Concentra in a format that is mutually agreeable to Concentra and ESIS.

2. **FINANCIAL MATTERS.**

2.1 **Compensation to Concentra.** ESIS shall pay Concentra for Concentra's performance of Concentra Services in accordance with Exhibit A. Concentra shall provide invoices to ESIS each month that itemize the Concentra Services provided by Concentra for ESIS. ESIS shall pay each invoice within thirty (30) days of receipt. Any payment that is not made by ESIS within thirty (30) days of receipt of Concentra's invoice shall bear interest at the rate of one and one-half percent (1.5%) per month, or, if lesser, the maximum rate permitted by applicable law.

2.2 **Compensation to ESIS.** Concentra shall pay ESIS for the performance of ESIS Services in accordance with Exhibit B. Concentra shall pay ESIS on a monthly basis and reconcile on a quarterly basis. Any payment that is not made by Concentra within thirty (30) days of any quarter during the term of this Agreement shall bear interest at the rate of one and one-half percent (1.5%) per month, or, if lesser, the maximum rate permitted by applicable law.

2.3 **Disclosure to ESIS Clients.** ESIS represents that it will make disclosures, if any, required under applicable law to each of its clients regarding the compensation paid by Concentra for ESIS Services.

2.4 **Responsibility for Bill Payment.** Both parties acknowledge and agree that the adjudication and payment of benefits for health care services is made by ESIS on behalf of ESIS's health care customers; that such adjudication and payment is solely the right of ESIS; that Concentra has no authority or responsibility for such adjudication or payment; and that ESIS has no responsibility for such payment on its own behalf. Both parties agree not to make any representation to the contrary to any person.

2.5 **Electronic Data Interchange.** The parties desire to establish an Electronic Data Interchange ("EDI") connection for payment and receipt of compensation due from each party under this Agreement. Both Concentra and ESIS agree to dedicate the respective resources necessary from each party to establish an Electronic Data Interchange ("EDI") connection for bill payment on or before July 1, 2002.

3. **INSURANCE.** Concentra shall procure and maintain at its sole cost and expense all insurance coverage required by applicable law and by customary business practices for the performance of the Services. At a minimum, such coverage shall include:

(a) workers' compensation insurance at statutory limits;

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 2 -

Case ID: 130400420

(b)     general liability insurance with limits of not less than $1 million per claim and $3 million in the aggregate, and

(c)     professional liability insurance with limits of not less than $1 million per medical incident and $3 million in the aggregate.

Upon written request of ESIS, Concentra shall provide a certificate of insurance evidencing the foregoing coverage.

4.     **COMPLIANCE WITH GOVERNMENTAL REQUIREMENTS.** In performing their obligations under this Agreement and the activities contemplated hereby, both Concentra and ESIS, and their respective officers, directors, employees, agents, subcontractors, and independent contractors, shall comply fully with all applicable laws, rules and regulations.

5.     **CREDENTIALING.** Concentra represents and warrants to ESIS that Concentra maintains and adheres to programs for (i) evaluating its Healthcare Professionals; and (ii) for monitoring the quality of care provided by such Healthcare Professionals, which contain the following features:

(a)     verification upon contracting with a Healthcare Professional and every two (2) years thereafter through a NCQA certified credential verification organization that verifies that the Healthcare Professional has an unencumbered license in good standing to practice in the state in which Covered Services are rendered, and that each Contract Provider maintains the minimum levels of professional liability insurance coverage, which with respect to physicians means liability limits of at least $1,000,000 for each incident and at least $3,000,000 in the aggregate, as of the Effective Date of this Agreement; and

(b)     written procedures for addressing the failure of any Healthcare Professional to meet the criteria identified in subsection (a) above, or when an issue arises as to the quality of care rendered by a Healthcare Professional, which procedures allow for termination, in whole or in part, of the agreement between Concentra and such Healthcare Professional that provides for Healthcare Professional status.

6.     **TERM AND TERMINATION.**

6.1     **Term.** The term of this Agreement shall be for a period of one (1) year commencing on the Effective Date, and this Agreement will automatically renew for successive one (1) year terms, subject to earlier termination by either party as provided herein.

6.2     **Termination.** This Agreement, and all rights and duties hereunder, will cease and terminate upon the first to occur of the following:

(a)     The date upon which the parties mutually agree to terminate the Agreement in writing;

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

Case ID: 130400420

(b) Where, for any or for no reason, one party provides the other party, at least ninety (90) days prior to the date of termination, with written notice of its intent to terminate the Agreement, upon the effective date of termination stated in its notice;

(c) Where a government body with regulatory authority over either of the parties' activities hereunder provides written notice to ESIS or Concentra that it no longer approves ESIS's use of Concentra Services or Concentra's use of ESIS Services, upon the effective date of the disapproval; or

(d) One party materially breaches this Agreement, and fails to cure said material breach within thirty (30) days after receipt of written notice, via certified mail, of said breach by the other party.

6.3 **Effects of Termination.** Upon termination of this Agreement for any reason, Sections 5, 6, 7, 8 and 9 shall survive such termination.

6.4 **Termination by ESIS's Client.** ESIS will use commercially reasonable efforts to notify Concentra in advance of any termination by an ESIS client of the agreement between ESIS and the client for which the Concentra services are being performed, and ESIS will in any event immediately notify Concentra upon the effective date of such a client's termination.

7. **CONFIDENTIALITY AND PROTECTED PERSONAL INFORMATION.**

7.1 **Definitions.**

(a) Confidential Information "Confidential Information" shall mean all written and oral information, documents and data, other than "Protected Personal Information", previously or hereafter obtained by either party or its representatives from the other party, or the other party's affiliates or representatives, in connection with this Agreement and the transactions it contemplates, and shall include Concentra's proprietary services and methodologies, either party's negotiated contract rates, technical data, programs, customer lists, lists of employees and agents, sales and marketing plans, operating procedures, agreements and related information, the past, present, and prospective methods, procedures, and techniques utilized in identifying prospective referral sources and customers of Concentra, compilations of information, records, and processes which are used in the operation of each party's business, and all confidential medical information.

(b) Protected Personal Information. "Protected Personal Information" means all personally identifiable financial, health and other information about an individual disclosed to or obtained by Concentra in connection with this Agreement and the transactions contemplated herein.

7.2 **Covenants.**

H:\Deb\Contracts\CISI\Agmt.Ace.6.doc

- 4 -

Case ID: 130400420

(a)     Confidential Information   Each party acknowledges that the other party's Confidential Information constitutes valuable property and trade secrets of that party, which are entitled to protection.  Each party shall hold all Confidential Information of the other party in strict confidence, and neither party nor any of its affiliates or representatives shall directly or indirectly (i) use or permit the use of any of the other party's Confidential Information for or in connection with any purpose other than the performance of this Agreement, (ii) disclose or permit the disclosure of any of the other party's Confidential Information to any person or entity other than the other party's representatives, or (iii) duplicate, copy or reproduce any of the Confidential Information except with the prior consent of the other party, or except for review by such party's officers or shareholders or their representatives. However, the obligation to hold Confidential Information in confidence and not to use, copy or disclose it shall not extend to the following information that may otherwise constitute Confidential Information:

(i)     Information that, at the time of the use, copying or disclosure, was readily ascertainable from public sources or was known by or available to competitors, clients or customers of either party by publication or otherwise, except for sources which arise by virtue of this Agreement;

(ii)     Information that comes into a party's possession from a third party and that was not acquired by such third party in violation of any obligation of confidentiality;

(iii)     Information required to be disclosed by law, provided that disclosure of such information shall be limited to only such disclosure that is required to be made by applicable law; or

(iv)     Information that has been used for statistical purposes only, with all identifying information as to its origin or source removed.

(b) Protected Personal Information. Concentra shall use and disclose Protected Personal Information solely for the purposes of performing its obligations under this Agreement.

(c) Without in any way limiting any other obligations or liability of each party under this Agreement, each party shall take all appropriate and reasonable action by instruction or otherwise, to prevent the unauthorized use, disclosure, copying or reproduction and to protect and maintain the confidentiality of the Confidential Information, and Concentra shall take all appropriate and reasonable action by instruction or otherwise, to prevent the unauthorized use, disclosure, copying or reproduction and to protect and maintain the confidentiality of the Protected Personal Information. Each party shall advise its representatives of the terms of this Section and use reasonable efforts to cause each of them to comply with its terms. Each party shall immediately notify the other party of the circumstances surrounding any breach of this Section of which it becomes aware.

(d) If either party is required by applicable law or requested (by legal process, civil investigative demand or similar process) to disclose any Confidential Information, such party will promptly notify the other party so that the other may

H:\Deb\Contracts\CISD.Agmt.Acc.6.doc

- 5 -

Case ID: 130400420

seek an appropriate protective order or waive compliance with this confidentiality covenants contained in this Section. If Concentra is required by applicable law or requested (by legal process, civil investigative demand or similar process) to disclose any Protected Personal Information, Concentra will promptly notify Ace so that Ace may seek an appropriate protective order or waive compliance with this confidentiality covenants contained in this Section.

7.3     **Return of Materials.** Within ten (10) days after a party receives a written request from the other party for the return of Confidential Information, the receiving party shall deliver all documents and other materials constituting such Confidential Information, including all copies, reproductions, extracts, and summaries of such Confidential Information in its possession, use or control, but excluding all such Confidential Information required by either party to perform its continuing obligations hereunder. Any portion of the Confidential Information that consists of analysis, computations, studies or notes prepared by the receiving party or its representatives, shall be either held by the receiving party or its representatives and kept confidential subject to the terms of this Agreement, or destroyed.

7.4     **Remedies.** Both parties agree that the breach or attempted breach of the other breaching party's obligations under this Section would cause irreparable injury to the non-breaching party and that any remedy at law would be inadequate. Both parties therefore agree, in addition to any other relief, that each party will be entitled to injunctive and other equitable relief in case of any such breach or attempted breach. Both parties expressly waive any requirement that the breaching party could assert for the securing or posting of any bond in connection with the obtaining of such injunctive or other equitable relief.

8.     **LIABILITY; INDEMNIFICATION.**

8.1     **Indemnification by Concentra.** Concentra hereby covenants and agrees to indemnify, defend, and hold harmless the ESIS, and the ESIS's officers, directors, employees, and affiliates, from and against any and all liability, loss, cost, or expense (including, without limitation, reasonable attorneys' fees), arising out of Concentra's breach of this Agreement, or the negligence or willful misconduct of Concentra in the performance of its duties and obligations pursuant to this Agreement.

8.2     **Indemnification by ESIS.** ESIS hereby covenants and agrees to indemnify, defend, and hold harmless Concentra, and Concentra's officers, directors, employees, and affiliates, from and against any and all liability, loss, cost, or expense (including, without limitation, reasonable attorney's fees), arising out of the ESIS's breach of this Agreement or the negligence or willful misconduct of the ESIS in the performance of its duties and obligations pursuant to this Agreement.

8.3     **Indemnification Procedures.** The party seeking indemnification shall promptly notify in writing the party from whom indemnification is sought of any claim asserted against it for which such indemnification is sought, and shall promptly deliver to the party from whom indemnification is sought a true copy of any such claim including, but not limited to, a true copy of any summons or other process,

H:\Deb\Contracts\CISI\Agmt.Ace.6.doc

- 6 -

Case ID: 130400420

pleading, or notice issued in any lawsuit or other proceeding to assert or enforce such claim. Where acceptance of its obligation to indemnify is deemed proper by the indemnifying party, said party reserves the right to control the investigation, trial, and defense of such lawsuit or action (including all negotiations to effect settlement) and any appeal arising therefrom and to employ or engage attorneys of its own choice.

The party seeking indemnification may, at its own cost, participate in such investigation, trial, and defense of such lawsuit or action and any appeal arising therefrom. The party seeking indemnification and its employees, agents, servants, and representatives shall provide full cooperation to the indemnifying part at all times during the pendency of the claim or lawsuit, including without limitation, providing them with all available information with respect thereto.

## 9.   GENERAL PROVISIONS.

9.1   **Entire Agreement.** This Agreement (including the recitals and all exhibits attached hereto) (i) represents the entire agreement between the parties, (ii) supersedes all prior and contemporaneous purchase orders, agreements, understandings, representations and warranties relating to the subject matter of this Agreement, and (iii) may only be amended, canceled or rescinded by a writing signed by both parties.

9.2   **Notices.** All notices and consents permitted or required under this Agreement must be in writing and shall be deemed received upon delivery in person, three (3) days after submission by registered or certified mail, upon delivery by commercial courier or upon confirmation receipt if by facsimile transmission to the other party at the address set forth below or such substitute address as a party may specify for itself by written notice:

Concentra:              Concentra Integrated Services, Inc.
                        5080 Spectrum Drive, Suite 400 West
                        Addison, Texas 75001
                        Fax: (972) 387-1938
                        Attention:      Office of General Counsel

ESIS:                   ESIS, Inc.
                        Two Liberty Place, TL21N
                        1601 Chestnut Street
                        Philadelphia, Pennsylvania 19103
                        Fax: (215) 640-5084
                        Attention:      AVP, Medical Programs

9.3   **Headings.** Section and other headings in this Agreement are for convenience only and shall not be used to affect, broaden or limit this Agreement.

9.4   **Governing Law.** This Agreement shall be governed and enforced in accordance with the laws of the State of Massachusetts.

Case ID: 130400420

9.5 **Severability.** If any provision in this Agreement is invalid or unenforceable, such provision shall be construed, limited or, if necessary, severed, but only to the extent necessary to eliminate such invalidity or unenforceability, and the other provisions of this Agreement shall remain unaffected.

9.6 **Relationship of the Parties.** Neither party is a partner, joint venturer, agent or representative of the other party, and Concentra is an independent contractor of ESIS. There is no employment relationship between the parties. Neither party has the right or authority to make any representation or warranty or incur any obligation or liability on behalf of the other party. Neither party shall make any representation to a third party inconsistent with this paragraph.

9.7 **Attorneys' Fees.** In the event of any litigation between the parties relating to this Agreement, the prevailing party shall be entitled to recover from the other party all reasonable attorneys' fees and other reasonable costs incurred in connection therewith and in pursuing and collecting remedies, relief and damages.

9.8 **Construction.** This Agreement represents the wording selected by the parties to define their agreement and no rule of strict construction shall apply against either party. Whenever the context reasonably permits, the singular shall include the plural, the plural shall include the singular, and the whole shall include any part thereof.

9.9 **Waiver.** Acceptance by either party of any performance less than required hereby shall not be deemed to be a waiver of such party's right to enforce all of the terms and conditions hereof. No waiver of any such right hereunder shall be binding unless reduced to writing and signed by the party to be charged therewith.

9.10 **Assignment.** This Agreement or any duty or obligation of performance hereunder may not be assigned, in whole or in part, by either party without the prior written consent of the other party.

9.11 **Binding Agreement.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective representatives, successors and permitted assigns.

9.12 **Force Majeure.** Except for obligations to make payment, neither party shall be liable to the other for any failure of (or delay in performance of) its obligations hereunder due to any cause or circumstance which is beyond its reasonable control including, but without limiting the generality of the foregoing, any failure or delay caused by strike, lockout, labor shortage, fire, explosion, shipwreck, act of God or the public enemy, war, riot, interference by the military or governmental authorities, or compliance with the laws of the United States or with the laws or orders of any other government or regulatory authority.

9.13 **Counterparts.** This Agreement may be executed in any number of duplicate counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

9.14 **Representations.** Except as provided for herein, neither party may modify, publish, transfer or assign any material in any media provided by the other party,

Case ID: 130400420

in whole or part, or without the other party's express written permission, nor may either party use the other party's name, trademark or other proprietary material without the other party's written permission.

IN WITNESS WHEREOF, the parties hereto, each acting by and through its undersigned duly authorized representatives have executed this Agreement as of the date first above written.

Concentra Integrated Services, Inc.

By: _____

Print Name: Fred Dunlap

Title: Chief Operations Officer

Date: September 17, 2002

ESIS, Inc.

By: Robert Persico

Print Name: Robert Persico

Title: Senior Vice President

Date: 9.11.02

H:\Deb\Contracts\CISP.Agmt.Acc.6.doc

- 9 -

Case ID: 130400420

**Exhibit A**
**Description of Concentra Services and Fees**

The Concentra Services shall be provided at the rates set forth below during the initial one (1) year term of this Agreement, commencing on the Effective Date.  The fees for the Concentra Services shall be reviewed by the parties at each anniversary following the effective date of this Agreement, until this Agreement is terminated pursuant to Section 6.2.

➢ **Telephonic Case Management ("TCM"), with Utilization Review ("UR").**

Concentra's licensed medical professionals shall assist in the coordination of medical care for injured employees and the facilitation of such injured employees back to work.  Concentra shall, to the extent appropriate, perform the following with respect to each case referred by ESIS:

- Obtain medical and employment histories;

- Determine treatment goals;

- Establish the estimated extent and duration of disability;

- Evaluate inpatient cases for alternative discharge plans and discuss these options with patients and physicians;

- Locate specialty providers and coordinate referrals to them;

- Contact employers to determine the physical demands of the injured employee's job and opportunities for modified or alternative duty; and

- Facilitate communication between physicians and employers to coordinate early returns to work

**Fees:**

**All states, excluding California**

| | |
|---|---|
| Day 1-30: | $250.00 flat fee |
| Day 31-60: | $200.00 flat fee |
| Day 61+: | $80.00 per hour |

**California Only**

| | |
|---|---|
| Day 1-30: | $285.00 flat fee |
| Day 31+: | $210.00 per each additional thirty (30) days |

Case ID: 130400420

➢ **Utilization Review ("UR")**.

The UR services shall include evaluation of the requested treatment against pre-established, nationally recognized and state specific criteria, protocols and guidelines to precertify treatment plans. Once a treatment plan has been precertified, concurrent review shall be provided to ensure compliance with utilization management recommendations. Concentra will also assist in discharge planning.

Fees:       $90.00 per precertification (inpatient/outpatient)
            $45.00 per extension
            $45.00 per administrative review
            $175.00 per physician/adverse determination review
            $175.00 per appeals billing

➢ **Field Case Management ("FCM")**.

Concentra shall perform the following FCM services for cases of injured employees of ESIS's health care customers that are referred to Concentra by ESIS:

- Conduct a post-injury initial evaluation to assess the injured employee's medical status and the vocational and return to work implications of the injury.

- Meet with the employer to conduct a job analysis and to discuss and identify transitional job opportunities.

- Meet with the injured employee's treating physician to review the job analysis, discuss treatment plans and develop a return-to-work strategy with a projected return-to-work date.

- Perform ongoing case management focused on a return-to-work goal established with the employer.

- Perform outside job placement for injured or disabled employees unable to return to work for their previous employers.

Fees:       Reimbursement to Concentra on an hourly fee basis or by task assignments, as selected by ESIS **in advance** of the performance of FCM services:

            Hourly Fees:

            All states, excluding California, Hawaii and New York

            $72.00 per hour
            $72.00 per hour for travel and wait
            Mileage to be reimbursed at IRS recommended rates

Case ID: 130400420

<u>California, Hawaii and New York Only</u>

$85.00 per hour
$85.00 per hour for travel and wait
Mileage to be reimbursed at IRS recommended rates

**Task Assignment Fees:**

Task 1:  One Visit Assessment:                          $420.00

- One (1) visit to one of the following:
    - injured worker; or
    - employer; or
    - provider; or
    - attorney.
- File review/medical coordination
- Visit and one (1) phone call
- Travel two (2) hours
- Report

Task 2: Two Visit Assessment:                          $580.00

- Two visits to one of the following groups:
    - injured worker and provider; or
    - employer and provider; or
    - injured worker and employer
- File review/medical coordination
- Two (2) visits and two (2) phone calls
- Travel 3.3 hours
- Report

Task 3: Labor Market Survey:                          $580.00

- File review
- Assessment of employment history, physical capacities and transferable skills
- Labor market survey
- Report labor market survey results
- Prepare and submit State mandated report, as applicable

Task 4: Vocational Assessment:                          $535.00

- File review
- One (1) phone call and visit to Claimant
- Travel two (2) hours
- Review work history and physical capacities
- Transferable skills analysis
- Return to work plan
- Report
- Prepare and submit State mandated report, as applicable

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

Case ID: 130400420

Task 5: California QRR **      $200.00

* Phone call to claimant to explain benefits
* Obtain RU90 and RU91
* Monitor medical eligibility at least every sixty (60) days for up to six (6) months

\* Note:   If travel is expected to exceed allotted time, then pre-authorization will need to be received from ESIS. Additional travel time will be billed at an hourly rate of $72.00, plus mileage will be reimbursed at IRS recommended rates.

\*\* Note:   Any additional services beyond six (6) month period that are pre-authorized by ESIS will be billed at an hourly rate of $85.00

➢ **Vocational Rehabilitation.**

Concentra shall perform vocational rehabilitation services for injured employees of ESIS's health care customers that are referred to Concentra by ESIS, including assessment of the functional capacity and transferable skills of injured employees, identification of appropriate jobs for injured employees, and assistance in the placement of injured employees in suitable replacement jobs.

 Fees:

<u>All states, excluding California, Hawaii and New York</u>

$72.00 per hour
$72.00 per hour for travel and wait
Mileage to be reimbursed at IRS recommended rates

<u>California, Hawaii and New York Only</u>

$85.00 per hour
$85.00 per hour for travel and wait
Mileage to be reimbursed at IRS recommended rates

➢ **Oasys (Transferable Skills Analysis).**

OASYS is a dynamic software program that matches a job seeker's skills and abilities to occupational requirements. It then reports occupations and occupational information about matching occupations and enables case managers check the accuracy of their assessments about insured' employability. The software also reports occupational outlook (current employment and projections), wage and salary data and more. Whether conducting transferable skills analysis or exploring occupations, OASYS software provides quick and easy access to useful information. It saves valuable time and ensures results are accurately and professionally reported.

 Fees:   $300.00 per analysis

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 13 -

Case ID: 130400420

➢ **Job Club.**

Concentra's Job Club, available in select markets, helps injured and disabled workers obtain jobs. Meeting six hours a day for four weeks, ESIS's focus on making proactive decisions regarding what they would like to do, committing to a specific direction and then pursuing these goals. The Job Club brings together vocational experts and groups of injured and/or disabled employees who are out of work. Job Club is a focused, intense and outcome-driven program, motivating participants to take personal responsibility for finding employment and providing them with the tools to succeed.

With assistance from their designated job coach, Job Club participants complete interest and skills tests, set career goals and fully explore their career options. They also develop resumes, learn how to network, and are required to make a specified number of documented employer contacts during their participation in the program.

Fees:            $85.00 per hour for initial assessment
                 $125.00 per day thereafter

➢ **Life Care Planning, Home Behavioral Assessments and Cost Projections.**

Concentra utilizes specially trained and certified case managers to complete Life Care Plans. This product is used to estimate medical damages resulting from a catastrophic injury or illness. This service has proven to be invaluable to insurance carriers, attorneys and others who are responsible for paying for and managing medical costs associated with serious injury and illness. Life Care Plans provide a detailed analysis of current and projected medical, vocational, educational and psychosocial needs, projecting their related costs annually or forecasted over an individual's lifetime. Concentra Life Care Planners carry the certifications Certified Life Care Planner, or Certified Nurse Life Care Planner. They are supported by a product champion who is also a credentialed Life Care Planner, as well as by continuing education programs sponsored by Concentra and other professional organizations.

Fees:

Catastrophic Case Management: $95.00 per hour
After Hours One Time Access Fee:    $300.00, plus $95.00 per hour thereafter
Cost Projections:                   $95.00 per hour
Home Behavioral Assessments:        $95.00 per hour

➢ **Provider Bill Review.**

Concentra shall review medical bills to capture reductions in fees for usual and customary and/or fee schedule adjustments, as well as application of preferred provider organization and pharmacy program discounts.

Fees:            0 - 100,000 bills per year:      $1.00 per line, two (2) line header

H:\Deb\Contracts\CISI\Agmt.Ace.6.doc

Case ID: 130400420

➢ **Network Access.**

Concentra offers access to medical providers through Concentra's relationships with preferred provider organizations of providers that have agreed to perform medical services at a discount.

Fees:      Twenty-two percent (22%) of savings

➢ **Out of Network Review Services.**

- **Contract Compliance Services** includes review of the clinical, financial and/or contractual components of any paid claim for which reimbursement has been made based on a contractual arrangement between a provider and a payor to determine if discrepancies exist between the claim amount and the supporting documentation. The following additional programs will be classified as Contract Compliance Services: Credit Recovery, Coordination of Benefits, Credit Balance Recovery and Refund Collection programs.

  Fees:   Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount on each bill for which Concentra provides Contract Compliance Services.

- **Cost to Charge Repricing** includes processing the Client Bills and submitting to Client an Explanation of Reimbursement (E.O.R.), which contains the retail charges of services and recommended allowance based on application of CPS' proprietary facility databases.

  Fees:   Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount on each bill for which CPS provides C2C services

- **DRG Validation Services** includes identifying overpayments due to upcoding or miscoding, grouper errors or any other discrepancy identified by the Concentra DRG validation process related to payment of diagnostic related group-based claims.

  Fees:   Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount on each bill for which Concentra provides DRG Validation Services.

- **Hospital Bill Audit Services** includes the performance of an on-site audit of a medical provider to assess the accuracy of the inpatient or outpatient facility charges by such provider.

  Fees:   Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount of charges for each bill for which Concentra provides HBA Services.

Case ID: 130400420

- **Line Item Analysis Services** includes a quantitative, objective and systematic analysis of inpatient and outpatient claims whereby multiple reference databases are used to evaluate each submitted claim on an individual basis to determine an appropriate reimbursement amount. Repricing may be performed at either the revenue center level or at the specific itemized bill detail level.

  Fees:    Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount of charges for each bill for which Concentra provides LIA Services.

- **Outpatient Repricing Services** includes the repricing of outpatient surgical facility charges against CPS's proprietary charge based database.

  Fees:    Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount of charges for each bill for which Concentra provides OPR Services.

- **Professional Negotiation Services** includes the case by case negotiation of charges with various medical providers.

  Fees:    Twenty-eight percent (28%) of the difference between the provider's original bill amount and the discounted provider bill amount on each bill for which Concentra provides PNS services. For PNS Services for physician charges, twenty-eight percent (28%) of the difference between (i) the lower of (A) physician's original bill amount, or (B) the client's usual and customary limitation, which shall only apply if this limitation is given to Concentra by the Client at the time of the bill delivery to Concentra, and (ii) the discounted provider bill amount.

- **Special Investigative Review Services** includes the evaluation of foreign and domestic inpatient, outpatient and physician claims to determine their validity.

  Fees:    Twenty-eight percent (28%) of the difference between current Client payable amount (UCR or fee schedule) and the repriced amount for each bill for which Concentra provides SIR Services.

➢ **Independent Medical Examinations.**

Concentra maintains a national network of physicians to perform independent medical examinations ("IMEs") upon request. An IME is typically performed on an injured employee to establish a definitive diagnosis, prognosis and treatment plan; to assess future treatment needs, to make recommendations for alternative tests or treatments when appropriate, and to establish a time-frame for recovery. In addition, IME providers may review job requirements for an injured employee and make recommendations regarding return to work capacity, recommended on-site job modifications and any ongoing residual limitations.

Concentra will schedule each IME and review the IME report prepared by the physician to confirm that all necessary issues have been addressed.

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 16 -

Case ID: 130400420

Fees:

| State | SPN CHIRO | SPN MD |
|-------|-----------|--------|
| Alabama | $ 395.00 | $ 650.00 |
| Alaska | $ 500.00 | $ 700.00 |
| Arizona | $ 735.00 | $ 850.00 |
| Arkansas | $ 675.00 | $1,000.00 |
| California | CA W/C Fee Schedule | |
| Colorado | $ 700.00 | $ 850.00 |
| Connecticut | | |
| Hartford/New London | $ 480.00 | $ 625.00 |
| New Haven/Fairfield | $ 480.00 | $ 725.00 |
| Delaware | $ 550.00 | $ 875.00 |
| Florida | FL W/C Fee Schedule + $155 | |
| Georgia | $ 400.00 | $ 580.00 |
| Idaho | $ 535.00 | $ 950.00 |
| Illinois | $ 550.00 | $ 670.00 |
| Indiana | $ 600.00 | $ 600.00 |
| Iowa | $ 675.00 | $ 800.00 |
| Kentucky | $ 535.00 | $ 725.00 |
| Louisiana | $ 750.00 | $ 850.00 |
| Maine | $ 450.00 | $ 730.00 |
| Maryland | $ 395.00 | $ 435.00 |
| Massachusetts | $ 375.00 | $ 390.00 |
| Michigan | $ 395.00 | $ 575.00 |
| Minnesota | MN W/C Fee Schedule | |
| Mississippi | $ 575.00 | $ 750.00 |
| Missouri | $ 700.00 | $ 800.00 |
| Montana | $ 550.00 | $1,000.00 |
| Nebraska | $ 650.00 | $1,000.00 |
| Nevada | $ 700.00 | $1,200.00 |
| New Hampshire | $ 500.00 | $ 850.00 |
| New Jersey (North) | $ 325.00 | $ 425.00 |
| New Jersey (South) | $ 400.00 | $ 575.00 |
| New Mexico | $ 600.00 | $1,300.00 |
| New York - Downstate | $ 265.00 | $ 395.00 |
| New York - Upstate | $ 325.00 | $ 485.00 |
| North Carolina | $ 450.00 | $ 800.00 |
| North Dakota | $ 600.00 | $1,100.00 |
| Ohio | $ 575.00 | $ 750.00 |
| Oklahoma | $ 500.00 | $ 700.00 |
| Oregon | $ 500.00 | $ 550.00 |
| Pennsylvania | | |

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 17 -

Case ID: 130400420

| | | |
|---|---|---|
| Philadelphia | $ 480.00 | $ 580.00 |
| Allentown | $ 530.00 | $ 725.00 |
| Harrisburg | $ 530.00 | $ 780.00 |
| **Rhode Island** | $ 450.00 | $ 595.00 |
| **South Carolina** | $ 475.00 | $ 695.00 |
| **South Dakota** | $ 700.00 | $1,000.00 |
| **Tennessee** | $ 375.00 | $ 575.00 |
| **Texas** | TX W/C Fee Schedule | |
| **Utah** | $ 495.00 | $ 600.00 |
| **Vermont** | $ 375.00 | $ 775.00 |
| **Virginia** | $ 400.00 | $ 700.00 |
| **Washington State** | $ 500.00 | $ 550.00 |
| **Washington D.C.** | $ 525.00 | $ 685.00 |
| **West Virginia** | $ 425.00 | $ 775.00 |
| **Wisconsin** | $ 725.00 | $ 995.00 |
| **Wyoming** | $ 800.00 | $1,300.00 |

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 18 -

## Exhibit B
## Description of ESIS Services and Fees

ESIS shall perform the following ESIS Services pursuant to this Agreement:

- ESIS sales and marketing personnel promoting and marketing Concentra's services to ESIS clients.
- Handling and resolving client(s), provider(s) and ESIS branch(s) complaints and issues involving Concentra.
- Managed care consulting to ESIS clients.
- Monitor Concentra performance with established performance standards.
- Audit review of Concentra processes.
- Fee payment paid to Concentra against individual files.
- Ensuring state compliance and reporting.
- Monitoring Concentra for missed savings.
- EDI nurse notes interface.  Upload of Concentra notes.
- Customization for client installations.
- Requesting service interface for case management assignments.
- Coordination of new, renewing, and transferred clients.
- Consolidated Managed Care Savings Reports submissions to ESIS clients.
- Other ESIS standard and ad-hoc reports for clients, including reports of Concentra Services.
- Researching and developing new products.
- Collection of outstanding non-EDI Accounts Receivable.

The fees for ESIS Services shall be as follows:

- Effective *September 1*, 2002, Concentra's fee to ESIS will be as follows for Telephonic Case Management with utilization review.

<u>All states, excluding California</u>

| | |
|---|---|
| Day 1-30: | $82.00 flat fee |
| Day 31-60: | $95.00 flat fee |
| Day 61+: | $295.00 flat fee |

<u>California Only</u>

| | |
|---|---|
| Day 1-30: | $82.00 flat fee |
| Day 31+: | $95.00 per each additional thirty (30) days |

- Effective *September 1*, 2002, Concentra's fee to ESIS will be as follows for Utilization Review.

$42.00 per precertification (inpatient/outpatient)
$34.00 per extension
$34.00 per administrative review
$52.00 per physician/adverse determination review
$52.00 per appeals billing

H:\Deb\Contracts\CISI\Agmt.Acc.6.doc

- 19 -

Case ID: 130400420

- Effective September 1, 2002, Concentra's fee to ESIS will be $19.00 per hour for field medical and vocational case management professional and travel and wait hour, excluding California, Hawaii and New York.

- Effective September 1, 2002, Concentra's fee to ESIS for the states of California, Hawaii and New York, will be as follows for field case medical and vocational case management professional and travel and wait hour.

  | | |
  |---|---|
  | California: | $29.00 per hour, same for travel and wait |
  | Hawaii: | $29.00 per hour, same for travel and wait |
  | New York: | $14.00 per hour, same for travel and wait |

- Effective September 1, 2002, Concentra's fee to ESIS will be $72.00 for Task 1- One Visit Assessment.

- Effective September 1, 2002, Concentra's fee to ESIS will be $112.00 for Task 2- Two Visit Assessment.

- Effective September 1, 2002, Concentra's fee to ESIS will be $112.00 for Task 3 – Labor Market Survey.

- Effective September 1, 2002, Concentra's fee to ESIS will be $106.00 for Task 4- Vocational Assessment.

- Effective September 1, 2002, Concentra's fee to ESIS will be $125.00 for Task 5- California QRR.

- Effective September 1, 2002, Concentra's fee to ESIS will be $66.00 per Transferable Skills Analysis.

- Effective September 1, 2002, Concentra's fee to ESIS will be $6.00 per hour and $27.00 per day thereafter for Job Club.

- Effective September 1, 2002, Concentra's fee to ESIS will be as follows for Life Care Planning.

  | | |
  |---|---|
  | Catastrophic Case Management: | $67.00 per hour |
  | After Hours One Time Access Fee: | $66.00 flat fee, plus $67.00 per hour thereafter |
  | Cost Projections: | $67.00 per hour |
  | Home Behavioral Assessment: | $67.00 per hour |

Case ID: 130400420

- Effective *September 1*, 2002, Concentra's fee to ESIS for Independent Medical Examinations will be determined according to the following:

| TIER 1 | $25.00 per SPN exam |
|---|---|
| 0-2000 exams quarterly | |
| TIER 2 | $30.00 per SPN exam |
| 2001 – 4000 exams quarterly | |
| TIER 3 | $35.00 per SPN exam |
| 4001- + exams quarterly | |

- Effective *September 1*, 2002, Concentra's fee to ESIS will be eight percent (8%) of savings for Network Access.

- Effective *September 1*, 2002, Concentra's fee to ESIS will be $0.40 per line, plus twenty-five percent (25%) of savings for Provider Bill Review.

Case ID: 130400420

# *Metro Filing Services, Inc.*

317 S. 13th Street
**PHILADELPHIA, PA 19107**
(215) 981 FILE

Philadelphia Association of
Professional Process Servers

**AFFIDAVIT OF SERVICE**

| PLAINTIFF(S) | COURT TERM and NO. FILED | COUNTY |
|---|---|---|
| ESIS Inc. | 13-04-0420 | |

| DEFENDANT(S) | DATE PREPARED | |
|---|---|---|
| Concentra Integrated Health Services, Inc. | Apr 23, 2013 | SERVE IN Dauphin County |

| SERVE AT | ☑ Civil Action | ☐ Subpoena |
|---|---|---|
| 2595 Interstate Drive | ☐ Summons | ☐ Notice of Real Estate Sale |
| Ste. 103 | ☐ Writ Of | ☐ Other |
| Harrisburg, PA 17110 | | |

| COMPANY CONTROL NUMBER |
|---|
| 089022 |

SPECIAL INSTRUCTIONS
Deputize service to Dauphin County

Served and made known to _____

on the _____ day of _____, at _____

at _____, County of _____

Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Agent or person in charge of Defendants's office or usual place of business.
☐ _____ an officer of said Defendant company.
☐ Other _____

| Description: | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|

On the _____ day of _____, 19 _____, at _____

Defendant not found because: ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other

**NAME OF SERVER**

Sworn to and subscribed before me this _____ day of _____ 20 _____

_____ being duly sworn according to law, deposes and says that
he/she is process server herein names; and that the facts herein set forth above are
true and correct to the best of their knowledge, information and belief.

Sheriff _____     Process Server/Competent Adult _____

| Attorney's Name | Noah Charlson | ATTEST | Metro Filing Services, Inc. |
|---|---|---|---|
| Firm name | Metro Filing Services, Inc. | | PRO PROTHY |
| Address | 317 South 13th Street | | 4/24/13 |
| | Philadelphia, Pa 19107 | | DATE |
| Telephone # | (215) 981-3453 | Client # 1385 | |

*1990 Philadelphia Assoc. of Professional Process Servers Rev 98.1*
*Metro Filing Services, Inc, founding member.*

7012 2920 0000 9135 5556

Case ID: 130400420



### Office of the Sheriff

Shelley Ruhl
Real Estate Deputy

Matthew L. Owens
Solicitor

Jack Duignan
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

Jack Lotwick
Sheriff

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | ESIS, INC. |
| | | VS |
| **County of Dauphin** | : | CONCENTRA INTEGRATED HEALTH SERVICES, INC. |

Sheriff's Return
No. 2013-T-1359
OTHER COUNTY NO. 130400420

And now: MAY 1, 2013 at 10:36:00 AM served the within REINSTATED COMPLAINT & NOTICE upon CONCENTRA INTEGRATED HEALTH SERVICES, INC. by personally handing to JENNIFER SMITH 1 true attested copy of the original REINSTATED COMPLAINT & NOTICE and making known to him/her the contents thereof at C/O CSC, 2595 INTERSTATE DR, STE 103 HARRISBURG PA 17101

SERVED UPON CUSTOMER SERVICE ASSOCIATE.

Sworn and subscribed to before me this 2ND day of May, 2013

So Answers,

Sheriff of Dauphin County, Pa.

By
Deputy Sheriff
Deputy: DARIN S SHERFEY
Sheriff's Costs: $47.25 4/30/2013

**COMMONWEALTH OF PENNSYLVANIA**

NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires August 17, 2014

Case ID: 130400420

Jeffrey A. Less, Esquire, I.D. # 03576
Noah H. Charlson, Esquire, I.D. # 89210
BAZELON LESS & FELDMAN, P.C.
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 568-1155

NOT AN ARBITRATION CASE
JURY TRIAL DEMANDED

ESIS, INC.                                    :        COURT OF COMMON PLEAS
                            Plaintiff,        :
                                              :        PHILADELPHIA COUNTY, PA
            v.                                :
                                              :        APRIL TERM, 2013
CONCENTRA INTEGRATED HEALTH                   :        CIVIL ACTION NO. 420
SERVICES, INC.                                :
                                              :
                            Defendant.        :
                                              :
                                              :
                                              :
                                              :
                                              :
                                              :
                                              :

                **PRAECIPE TO AMEND SPELLING OF PARTY NAME**

TO THE PROTHONOTARY:

        Kindly amend the spelling of Defendant's name to Concentra Integrated Services, Inc.

                                    Respectfully submitted,

                                    BAZELON LESS & FELDMAN, P.C.

                        BY:         /s Noah H. Charlson
                                    Jeffrey A. Less
                                    Noah H. Charlson
                                    Bazelon Less & Feldman, P.C.
                                    One South Broad Street - Suite 1500
                                    Philadelphia, PA 19107
                                    (215) 568-1155

                                    Attorneys for Plaintiff ESIS, Inc.

DATED: May 7, 2013

                                                            Case ID: 130400420

# Metro Filing Services, Inc.

317 S. 13th Street
**PHILADELPHIA, PA 19107**
(215) 981 FILE

Philadelphia Association of
Professional Process Servers

**AFFIDAVIT OF SERVICE**

| PLAINTIFF(S) | COURT TERM and NO. | COUNTY |
|---|---|---|
| ESIS, Inc. | 13-04-0420 | Philadelphia |

Filed and Attested by
PHILADELPHIA
20 MAY 2013 09:09 am
E. OSTROWSKI

Dauphin County

**DEFENDANT(S)**

Concentra Integrated Health Services, Inc.

**DATE PREPARED**

May 09, 2013

**SERVE AT**

c/o: Corp Svc Co
2595 Interstate Drive
Ste. 103
Harrisburg, PA 17110

- [x] Civil Action
- [ ] Summons
- [ ] Writ Of

- [ ] Subpoena
- [ ] Notice of Real Estate Sale
- [ ] Other

**COMPANY CONTROL NUMBER**

089548

**SPECIAL INSTRUCTIONS**

Deputize service to Dauphin County

Served and made known to _____

on the _____ day of _____ , _____ , at

at _____ , County of _____

Commonwealth of Pennsylvania, in the manner described below:

- [ ] Defendant(s) personally served
- [ ] Adult family member with whom said Defendant(s) reside(s). Relationship is _____
- [ ] Adult in charge of Defendant's residence who refused to give name or relationship.
- [ ] Agent or person in charge of Defendants's office or usual place of business.
- [ ] _____ an officer of said Defendant company.
- [ ] Other _____

Description: Age: ____ Height: ____ Weight: ____ Race: ____ Sex: ____

On the _____ day of _____ , 19 ____ , at _____

Defendant not found because: ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other

## NAME OF SERVER

_____ being duly sworn according to law, deposes and says that
he/she is process server herein names; and that the facts herein set forth above are
true and correct to the best of their knowledge, information and belief.

Sworn to and subscribed before me this
____ day of _____ 20 ____

Sheriff _____        Process Server/Competent Adult _____

| Attorney's Name | Noah Charlson | ATTEST | Metro Filing Services, Inc. |
|---|---|---|---|
| Firm name | Metro Filing Services, Inc. | | PRO PROTHY |
| Address | 317 South 13th Street Philadelphia, Pa 19107 | | **4/24/13** |
| Telephone # | (215) 981-3453    Client #  1385 | | DATE |

990 Philadelphia Assoc. of Professional ProcessServers Rev 98.1
etro Filing Services, Inc, founding member.

7012 2920 0000 9135 5488

Case ID: 13040042

# Office of the Sheriff



Shelley Ruhl
Real Estate Deputy

Matthew L. Owens
Solicitor

Jack Duignan
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**

**County of Dauphin**

: ESIS, INC.

VS

: CONCENTRA INTEGRATED HEALTH
SERVICES, INC.

Sheriff's Return
No. 2013-T-1523
OTHER COUNTY NO. 130400420

And now: MAY 15, 2013 at 9:43:00 AM served the within PRAECIPE TO AMEND THE PARTY NAMES upon CONCENTRA INTEGRATED HEALTH SERVICES, INC. by personally handing to JENNIFER SMITH 1 true attested copy of the original PRAECIPE TO AMEND THE PARTY NAMES and making known to him/her the contents thereof at C/O CSC, 2595 INTERSTATE DR, STE 103 HARRISBURG PA 17110

CUSTOMER SERVICE ASSOCIATE AND PERSON IN CHARGE AT TIME OF SERVICE.

Sworn and subscribed to
before me this 16TH day of May, 2013

**COMMONWEALTH OF PENNSYLVANIA**

NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires August 17, 2014

So Answers,

Sheriff of Dauphin County, Pa.

By
Deputy Sheriff
Deputy: W CONWAY
Sheriff's Costs: $47.25 5/14/2013

Case ID: 13040042